

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-127-CR

DANIEL BERKLEY                                                      APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Daniel Berkley of aggravated robbery and assessed his punishment at forty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court sentenced him accordingly. In his sole point, Appellant challenges the trial court's

---

[1] *See* Tex. R. App. P. 47.4.

admission of evidence of an extraneous offense. Because we hold that Appellant did not preserve his challenge, we affirm the trial court's judgment.

Monica DeLeon arrived at an orthodontist's office with her two sons when Appellant approached her, took her car keys, and drove off in her Suburban. DeLeon and the children were able to get out of the vehicle before Appellant drove off. One of DeLeon's sons identified Appellant in a photo spread as the person who stole the Suburban.

Five days later, Arther Curry was at a Family Dollar store on Miller Street. She left the store, put her shopping bags in the back seat of her car, and started to get into the car. At that point, Appellant, who was in a Suburban, got out of the Suburban, walked behind Curry, pulled out a gun, and ordered her to give him her purse.

After Curry gave Appellant her purse, he went back to the Suburban, climbed into the passenger's side, and started going through the purse. Curry walked up to the Suburban and asked Appellant to return her driver's license. Appellant returned Curry's driver's license and then instructed her to leave before he shot her. Curry identified Appellant from a photo spread as the person who had robbed her.

Less than two and a half hours later, Jerod Wilkerson was at The Home Depot parking lot when his attention was drawn to Appellant. When Appellant

2

left the parking lot in the Suburban, Wilkerson followed him. Wilkerson followed Appellant north on I-35 and called 911. Wilkerson lost sight of Appellant, but he gave a description of both Appellant and the Suburban. Wilkerson identified Appellant out of a six-man lineup as the person who was at The Home Depot.

Pete Torres was also at The Home Depot and also followed Appellant in his car. Torres provided the Suburban's license plate number to the police. That evening, the Suburban was found in the driveway of an abandoned house. Approximately a week later, Fort Worth Police Detective Jim Varnon lifted fingerprints from the Suburban and compared them to Appellant's fingerprints on a fingerprint card that Varnon had acquired earlier. The prints on the Suburban matched Appellant's fingerprints on the fingerprint card. Varnon also collected cigarette butts from the Suburban. The DNA on the cigarette butts positively matched Appellant's blood sample.

The jury convicted Appellant of the aggravated robbery of Arther Curry.

Appellant complains that the trial court abused its discretion by admitting evidence that six days before he robbed Curry, Appellant had come upon Tyler Green, who was with her five-year-old son, Nico, at T-Mart, and had grabbed her around the waist as she was placing Nico in the car. Appellant ordered Green to give him her keys, and when she refused, he began pulling on her

3

purse. Green yelled that Appellant was not going to get her keys, and Appellant showed her that he had a gun, telling her that if she did not give him the keys and her purse, he was going to kill her and her son. Appellant pointed the gun at Green's chest, and the fight moved to a "hot wings" restaurant where Green tried to get an employee's attention. Appellant shoved Green into the door of the restaurant and then ran away.

On appeal, Appellant argues that the extraneous offense evidence was inadmissible under rule 403 because its probative value was substantially outweighed by the danger of unfair prejudice. The State argues that Appellant did not preserve that complaint for appeal because his objection was primarily a rule 404(b) objection. In the trial court, Appellant argued that the evidence was inadmissible generally because the defense had not challenged the deadly weapon issue. Appellant also objected to the evidence as lacking in probative value and inflammatory. The trial court stated that "issues . . . have been raised" and admitted the evidence, but for a limited purpose, to which Appellant did not object. No magic words are required for an objection, nor is a defendant required to state the rule of evidence in his objection.[2] To that extent, Appellant sufficiently preserved his complaint for appeal.

---

[2] *Rivas v. State*, 275 S.W.3d 880, 882 (Tex. Crim. App. 2009) ("[T]here are no technical considerations or form of words to be used. Straightforward communication in plain English will always suffice.").

4

But Appellant's objection to the offer of extraneous offense evidence for all purposes was sustained.  Appellant did not object further and did not ask for a continuing objection.  He did not object to the admission of the evidence for the limited purpose stated by the court.  Rather, he acquiesced in the trial court's action of admitting the evidence for the limited purpose.  Consequently, he has not preserved a challenge to the admission of the extraneous offense evidence for a limited purpose.[3]

We therefore overrule Appellant's sole point and affirm the trial court's judgment.

PER CURIAM

PANEL:  DAUPHINOT, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 2, 2009

---

[3] *See* Tex. R. App. P. 33.1(a)(1); *Fuentes v. State*, 991 S.W.2d 267, 273 (Tex. Crim. App.), *cert. denied*, 528 U.S. 1026 (1999); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999); *Ethington v. State*, 819 S.W.2d 854, 858–59 (Tex. Crim. App. 1991).

5