COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-127-CR

 

 

DANIEL BERKLEY                                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 297TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury convicted Appellant Daniel Berkley of
aggravated robbery and assessed his punishment at forty‑five years=
confinement in the Institutional Division of the Texas Department of Criminal
Justice.  The trial court sentenced him
accordingly.  In his sole point,
Appellant challenges the trial court=s
admission of evidence of an extraneous offense. 
Because we hold that Appellant did not preserve his challenge, we affirm
the trial court=s judgment.

Monica DeLeon arrived at an orthodontist=s office
with her two sons when Appellant approached her, took her car keys, and drove
off in her Suburban.  DeLeon and the
children were able to get out of the vehicle before Appellant drove off.  One of DeLeon=s sons
identified Appellant in a photo spread as the person who stole the Suburban.

Five days later, Arther Curry was at a Family
Dollar store on Miller Street.  She left
the store, put her shopping bags in the back seat of her car, and started to
get into the car.  At that point,
Appellant, who was in a Suburban, got out of the Suburban, walked behind Curry,
pulled out a gun, and ordered her to give him her purse.

After Curry gave Appellant her purse, he went
back to the Suburban, climbed into the passenger=s side,
and started going through the purse. 
Curry walked up to the Suburban and asked Appellant to return her driver=s
license.  Appellant returned Curry=s driver=s
license and then instructed her to leave before he shot her.  Curry identified Appellant from a photo
spread as the person who had robbed her.








Less than two and a half hours later, Jerod
Wilkerson was at The Home Depot parking lot when his attention was drawn to
Appellant.  When Appellant left the
parking lot in the Suburban, Wilkerson followed him.  Wilkerson followed Appellant north on I‑35
and called 911.  Wilkerson lost sight of
Appellant, but he gave a description of both Appellant and the Suburban.  Wilkerson identified Appellant out of a
six-man lineup as the person who was at The Home Depot.

Pete Torres was also at The Home Depot and also
followed Appellant in his car.  Torres
provided the Suburban=s license plate number to the
police.  That evening, the Suburban was
found in the driveway of an abandoned house. 
Approximately a week later, Fort Worth Police Detective Jim Varnon
lifted fingerprints from the Suburban and compared them to Appellant=s
fingerprints on a fingerprint card that Varnon had acquired earlier.  The prints on the Suburban matched Appellant=s
fingerprints on the fingerprint card. 
Varnon also collected cigarette butts from the Suburban.  The DNA on the cigarette butts positively
matched Appellant=s blood sample.

The jury convicted Appellant of the aggravated
robbery of Arther Curry.








Appellant
complains that the trial court abused its discretion by admitting evidence that
six days before he robbed Curry, Appellant had come upon Tyler Green, who was
with her five-year-old son, Nico, at T‑Mart, and had grabbed her around
the waist as she was placing Nico in the car. 
Appellant ordered Green to give him her keys, and when she refused, he
began pulling on her purse.  Green yelled
that Appellant was not going to get her keys, and Appellant showed her that he
had a gun, telling her that if she did not give him the keys and her purse, he
was going to kill her and her son. 
Appellant pointed the gun at Green=s chest,
and the fight moved to a Ahot wings@
restaurant where Green tried to get an employee=s
attention.  Appellant shoved Green into
the door of the restaurant and then ran away.

On
appeal, Appellant argues that the extraneous offense evidence was inadmissible
under rule 403 because its probative value was substantially outweighed by the
danger of unfair prejudice.  The State
argues that Appellant did not preserve that complaint for appeal because his
objection was primarily a rule 404(b) objection.  In the trial court, Appellant argued that the
evidence was inadmissible generally because the defense had not challenged the
deadly weapon issue.  Appellant also
objected to the evidence as lacking in probative value and inflammatory.  The trial court stated that "issues
. . . have been raised" and admitted the evidence, but for
a limited purpose, to which Appellant did not object.  No magic words are required for an objection,
nor is a defendant required to state the rule of evidence in his objection.[2]  To that extent, Appellant sufficiently
preserved his complaint for appeal.








But Appellant=s
objection to the offer of extraneous offense evidence for all purposes was
sustained.  Appellant did not object
further and did not ask for a continuing objection.  He did not object to the admission of the
evidence for the limited purpose stated by the court.  Rather, he acquiesced in the trial court=s action
of admitting the evidence for the limited purpose.  Consequently, he has not preserved a
challenge to the admission of the extraneous offense evidence for a limited
purpose.[3]

We therefore overrule Appellant=s sole
point and affirm the trial court=s
judgment.

PER CURIAM

PANEL:  DAUPHINOT, MCCOY, and
MEIER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  April 2, 2009











[1]See Tex. R. App. P. 47.4.





[2]Rivas v. State, 275 S.W.3d 880, 882
(Tex. Crim. App. 2009) (A[T]here are no technical
considerations or form of words to be used. 
Straightforward communication in plain English will always suffice.@).





[3]See Tex. R. App. P.
33.1(a)(1); Fuentes v. State, 991 S.W.2d 267, 273 (Tex. Crim. App.), cert.
denied, 528 U.S. 1026 (1999); Mosley v. State, 983 S.W.2d 249, 265
(Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S. 1070 (1999); Ethington
v. State, 819 S.W.2d 854, 858B59 (Tex. Crim. App. 1991).