

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-12-00002-CR
_____

RICHARD LEROY KORP, II, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd Judicial District Court
Bowie County, Texas
Trial Court No. 10F0347-102

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Richard Leroy Korp, II, appeals from his conviction by a jury for aggravated sexual assault of his daughter, a child. The jury found the enhancement allegation true and assessed a sentence of life imprisonment. On appeal, Korp contends that the trial court erred (1) by admitting evidence of a prior extraneous offense at the guilt phase of trial, (2) by allowing the testimony of a psychologist which he alleges was admitted for the purpose of bolstering the victim's testimony, and (3) by refusing to allow the introduction of testimony that the victim had recanted her claims.

Evidence was presented that Korp had digitally penetrated his eleven-year-old daughter and had fondled one of her breasts as she spent the night in his home. The evidence of this act was derived solely from his daughter's statements pertaining to the incident (although others also testified about the acts, their testimony was solely a repetition of the claims made by the daughter). There were discrepancies between her descriptions of the situation surrounding the alleged act and those of other people who were also at the house that night, and there was some testimony that she had later recanted her claims pertaining to her father's conduct. The extraneous offense (admitted at the guilt phase of the trial) regarded Korp's conviction in North Carolina for a similar offense against his then-minor son. It was not admitted as a final conviction at the guilt stage, but the son testified about the acts.

We first address Korp's contention that the court erred by admitting testimony at the guilt stage about his sexual activities with his son who—at the time of the occurrence—was a minor. Korp's complaint regarding this has two facets: (1) he claims that this was admitted solely for

2

the purpose of trying to convince the jury that he generally possessed the character of a criminal; and (2) even if the evidence was otherwise admissible, the court erred by allowing its introduction because it was more prejudicial than probative. These arguments were preserved for review.

In *Bass v. State*, 270 S.W.3d 557, 562–63 (Tex. Crim. App. 2008), the Texas Court of Criminal Appeals reviewed a very similar situation, adopting the State's position that extraneous-offense evidence regarding similar sexual assaults against children not related to or connected with the present incident is admissible if that evidence bears some logical relevance aside from an attempt to prove that the accused conduct falls within the accused's conformity to character flaws. The court also agreed with the notion that if "the State can show that a defendant has committed similar sexual assaults against unrelated and unconnected children, an affirmative defense allegation that the victim [of the charged offense] fabricated her claims is less likely to be true." *Id.* The court reasoned that because the evidence can be used to directly rebut defensive claims of fabrication of the story upon which the current charges were brought, it would have logical relevance apart from claims of conformity to character.

Under that analysis, testimony by Korp's elder child regarding previous sexual activities that Korp had imposed on him while the child was eleven or twelve years old does rebut the defensive claim of fabrication—a claim which was before the jury at that point through testimony that the alleged victim had told at least one person that the events had not occurred. Therefore, the testimony was not automatically excluded under Rule 404 of the Texas Rules of Evidence. TEX. R. EVID. 404.

The remaining issue is Korp's objection under Rule 403 wherein he maintains that even if the evidence was admissible, it should have been excluded because it was more prejudicial than it was probative. Trial judges are required to exclude evidence when its probative value is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403; *Montgomery v. State*, 810 S.W.2d 372, 392 (Tex. Crim. App. 1990) (op. on reh'g). A trial court, when undertaking a Rule 403 analysis, must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. Of course, these factors may well blend together in practice. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).

A trial court's decision in balancing these factors is reviewed under the abuse of discretion standard and is disturbed on appeal only when the trial court's decision falls outside the zone of reasonable disagreement. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007).

As we have previously discussed, the Texas Court of Criminal Appeals has reasoned in these cases that the testimony is probative toward disproving fabrication, presumably under the notion that it is less likely that two individuals separated by time and space would fabricate the

4

same type of story. Is the probative value substantially outweighed by the danger of unfair prejudice? That question is always problematic. Evidence that a person had previously committed a sex crime against a child is always highly prejudicial. However, because of the similarity of the nature of the crime and the relationship of each victim involved in the two instances, the revelation of the previous conduct diminishes the possibility that the evidence of the child's recantation should be believed. We note that the elder child's testimony was not heavily emphasized; it consumes only four pages of the record and is not the type of evidence requiring additional testimony to explain. Although clearly quite harmful to the defense, it does not appear to be so "unfairly prejudicial" as to make its admission outside the range of discretion of the trial court. *See generally DeJesus v. State*, 889 S.W.2d 373, 378 (Tex. App.—Houston [14th Dist.] 1994, no pet.). The contentions of error are overruled.

Korp next contends that the trial court erred by allowing Karrah Dickeson, a psychologist, to testify in such a manner that it amounted to bolstering the victim's testimony. Specifically, Dickeson opined that the victim showed signs of stress, both wanted and needed treatment, and identified Korp as the perpetrator. She then recounted the victim's statement about the events. As presented, the victim identified Korp as the perpetrator and described the acts, and then three other witnesses also testified that she had identified Korp as the perpetrator and repeated her descriptions of the acts, under separate exceptions to the hearsay rule. Korp now contends Dickeson's testimony detailing the victim's statement constituted bolstering.

The State repeatedly describes the evidence as being "not made less relevant because it in some small measure corroborates the child's own testimony." Substantively, the State argues

that the testimony was relevant circumstantial evidence that something traumatic had happened to the child victim and that knowledge of this would assist the fact-finder. Specifically, Dickeson testified that the child had a series of specific symptoms which demonstrated that she was suffering from stress. She then opined that the victim's stress was caused by Korp through his sexual abuse of the victim, and then Dickeson repeated the same matters as had already been the subject of testimony by the outcry witness, a sexual assault nurse examiner (SANE), who had used very similar words in describing what the victim had said. "Bolstering" is evidence offered for the "sole purpose" of enhancing the credibility of a witness or source of evidence without substantively contributing to relevance. *Rivas v. State*, 275 S.W.3d 880, 886 (Tex. Crim. App. 2009). Thus, the testimony (which repeated the victim's statements almost verbatim) can fit within the definition of bolstering.

The initial question is whether the bolstering issue is preserved for our review. Counsel timely objected to Dickeson's testimony as being nothing more than bolstering, and thus inadmissible. During a pretrial hearing, the court explicitly stated that Dickeson met the qualifications necessary to testify as an expert. After further discussion, counsel also argued that this witness' testimony would constitute bolstering, which the trial court acknowledged as possible. The court then stated that it did not find that the proposed testimony did not automatically fall within the category of bolstering and did not make a ruling at that time; rather, the trial court made it clear that the objection of bolstering could be made upon presentation at the time of trial. When the State then later offered Dickeson as an expert witness, counsel, "[i]n light of the Court's prior ruling," did not further object. At the point that Dickeson was asked to

recount the victim's statement to her, counsel objected to the testimony only as hearsay, not repeating the objection to bolstering. In other words, Korp did not obtain a ruling on his objection regarding bolstering when he first raised it and did not lodge such an objection when the testimony was actually proffered.

To preserve error for appellate review, the complaining party must make, at the earliest opportunity, a specific objection and obtain a ruling on the objection. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review. *Id.*; *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999); *see* TEX. R. APP. P. 33.1(a). Because Korp did not preserve his objection as to bolstering, he waived it. That contention of error is overruled.

Korp also contends that the trial court erred by refusing to admit testimony that the victim had recanted her claims. A defense witness testified that the victim had recanted her allegation of sexual abuse by Korp. Counsel correctly notes that only after the question was answered did the State object and that the trial court sustained the hearsay objection.[1] However, the State did not further pursue the matter. It neither requested an instruction to disregard, nor was such given by the trial court. Accordingly, despite the State's objection to the testimony, it remained for the jury's consideration for all purposes. Although counsel on appeal argues that the ruling prevented further questioning on the matter, there is nothing in this record to show such a

---

[1] We concur with counsel's position that this testimony would be admissible as a statement against interest under TEX. R. EVID. 803(24). It is by definition not evidence excluded by the hearsay rule. The trial court's ruling was error.

7

limitation, as no further questions were asked of the witness.  Although error has been shown, harm has not.  The contention of error is overruled.

We affirm the judgment of the trial court.


Bailey C. Moseley
Justice

Date Submitted:        November 12, 2012
Date Decided:          November 28, 2012

Do Not Publish