**Concurring Opinion Filed July 29, 2019.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00782-CR

**MUSTAPHA RAHMAN COKER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1632844-M**

## CONCURRING OPINION
By Justice Schenck

The majority does a fine and thorough job of recounting the facts and framing the question before us. While I join with my colleagues in the result, I regret that I find myself unable to fully join in the majority's opinion and write separately to explain why.

The majority addresses appellant's complaint concerning certain testimony of one of the State's expert witnesses and then performs a harm analysis. While I agree with the majority's harm analysis, I would find a discussion of the claimed error unnecessary in view of that harm analysis and because appellant did not, in the first instance, preserve the complaint he makes on appeal.

We are a court of error correction. *See Bryant v. Jeter*, 341 S.W.3d 447, 449–50 (Tex. App.—Dallas 2011, no pet.). A party is not postured to fairly describe the decision below as "error" without having informed the trial court of the nature of the complaint and giving the court

the opportunity to render a proper decision. Likewise, the issue framed on appeal must correspond to the complaint made to the trial court. *Carmona v. State*, 941 S.W.2d 949, 957 (Tex. Crim. App. 1997). A general complaint or objection will not preserve error unless the surrounding context makes the complained-of error obvious. *Id.*

Below, appellant objected to the complained-of testimony on the basis of "scope," presumably meaning the witness testified beyond the cycle of family violence topic the State represented would be the focus of her testimony. He did not contend that the testimony had an improper effect of attempting to bolster the testimony of another witness, explain how it might tend to do so, or why either would tend to violate a rule of evidence. Neither was that notion apparent from the surrounding context. Now, on appeal, appellant claims the expert's testimony improperly "bolstered" the testimony of appellant's wife.

"Bolstering" is a term lawyers used mostly before the codification of the Texas Rules of Evidence; however, the term did not survive the adoption of the rules. *Rivas v. State*, 275 S.W.3d 880, 886 (Tex. Crim. App. 2009). A fundamental problem with an objection to "bolstering" is its inherent ambiguity as the term appears to have roots in several evidentiary rules. *Id.* For instance, "bolstering" concepts can be found in Rules 608(a) and 613(c) of the Texas Rules of Evidence. TEX. R. EVID. 608(a), 613(c). Rule 608(a) addresses testimony that supports or attacks a witness's credibility [how, when okay, when not] while Rule 613(c) addresses the compiling of prior consistent statements to enhance the witness's credibility and forbids it. *Id.*; *Rivas*, 275 S.W.3d at 886–87. For these reasons, prior panel authority of this Court has held that a general bolstering objection does not inform the trial court on which legal basis or rule a party is relying. *Carter v. State*, No. 05-91-01667-CR, 1994 WL 416694, at *4 (Tex. App.—Dallas Aug. 11, 1994, no pet.) (not designated for publication). Thus, had appellant gone further and at least made a "bolstering"

objection, we would be inclined to find even that objection to be too vague to fairly inform the trial court of his contention and to preserve error for our review. *See id.*

Because appellant has not preserved the complaint he raises on appeal, I would affirm the trial court's judgment without analyzing the efficacy of the trial court's rulings on simply appellant's objections and without conducting a harm analysis. Consequently, I do not join in the majority's opinion and, instead, respectfully concur.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

170782CF.U05