

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00364-CR

CODY JOHNSON,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

**From the 18th District Court
Johnson County, Texas
Trial Court No. DC-F201800186**

## MEMORANDUM OPINION

In Counts 1 and 2 the jury convicted Cody Johnson of the offense of aggravated sexual assault of a child and assessed punishment at 40 years confinement for each count. In Count 3, Count 5, and Count 7, the jury convicted Johnson of the offense of indecency with a child and assessed punishment at 10 years confinement. In Count 6 the jury convicted Johnson of the offense of indecency with a child and assessed punishment at 20 years confinement. We affirm.

## BACKGROUND FACTS

There is no challenge to the sufficiency of the evidence to support Johnson's conviction for aggravated sexual assault of a child or indecency with a child. Johnson lived with his girlfriend, Jessica, and her two children. N.S. is Jessica's daughter, and S.S. is a friend of N.S. S.S. frequently visited and stayed the night with N.S. at the residence where Johnson also lived. S.S. told her father and her father's girlfriend that Johnson sexually abused her. S.S.'s father told Jessica about the allegations, and Jessica asked N.S. if Johnson had also sexually abused her. N.S. then told Jessica that Johnson had sexually abused her. Both girls were interviewed at the Johnson County Children's Advocacy Center, and Johnson was subsequently indicted for the offenses of aggravated sexual assault of a child and indecency with a child. Counts 1, 2, 3, and 5 involve N.S., while Counts 6 and 7 involve S.S.

## ASSESSMENT OF COURT COSTS

In the first issue, Johnson argues that the evidence is insufficient to support the trial court's assessment of attorney's fees. The State concedes that the evidence is insufficient to support the assessment of fees for court-appointed counsel. The parties request that we modify the trial court's judgment by deleting the trial court's assessment of attorney's fees.

We note that the judgment in this case does not contain an erroneous assessment of attorney's fees. In the judgment, the trial court noted "See Bill of Costs" in the section for court costs. The bill of costs shows a fee of $1500.00 for court-appointed attorney's fees. We are authorized on direct appeal to order a modification of a bill of costs

independent of finding an error in the trial court's judgment. *See* TEX. CODE CRIM. PROC. arts. 103.001, 103.003, 103.006, and 103.008; *Dulin v. State*, 620 S.W.3d 129 (Tex. Crim. App. 2021); *Bryant v. State*, No. 10-18-00352-CR, 2021 LEXIS 6000 (Tex. App. — Waco July 28, 2021, no pet. h). Accordingly, we modify the certified bill of cost in this case by striking the assessment of $1500.00 in attorney's fees. Because the assessment of attorney's fees is not included in the amount of court cost assessed in the judgment, the trial court's judgment does not need to be modified based upon our disposition of this issue.

## ADMISSION OF TESTIMONY

In the second issue, Johnson argues that the trial court abused its discretion in allowing the State to bolster the expected testimony of its own complaining witnesses. We review a trial court's admission or exclusion of evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). When considering a trial court's decision to admit or exclude evidence, we will not reverse the trial court's ruling unless it falls outside the "zone of reasonable disagreement." *Id*. at 391; *see Manning v. State*, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003).

The State called Kacie Hand as its first witness. Hand was previously employed by the Johnson County Children's Advocacy Center as a forensic interviewer. Hand testified that she interviewed both N.S. and S.S. Hand interviewed the girls on the same day, but the interviews were conducted separately. The State asked whether there was

any indication N.S. and S.S. tried to "streamline or match their stories." Johnson objected that the response would be irrelevant and that question "calls for her to be an expert that she is not qualified to be." The trial court allowed Hand to testify about her perception. The State asked again if there was any attempt by the girls to match their stories. Johnson objected that the State was asking Hand to comment on the credibility of the girls. The trial court overruled the objection. The State then asked again if there was any attempt by the girls to match their stories. Hand responded, "not that I saw."

Under a general issue about improper bolstering, Johnson specifically argues that the State's question solicited Hand's opinion regarding the girls' credibility and was a clear act of improper bolstering in violation of Rules 401, 403, 608, and 702 of the Texas Rules of Evidence[1]. Bolstering the credibility of a witness has traditionally been the attempt to use prior consistent statements by the same witness to enhance the witness's credibility after that witness's credibility has been attacked. *Newland v. State*, 363 S.W.3d 205, 207 (Tex. App. —Waco 2011, pet. ref'd). Bolstering has been defined as any evidence the sole purpose of which is to convince the factfinder that a particular witness or source of evidence is worthy of credit, without substantively contributing to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. *Rivas v. State*, 275 S.W.3d 880, 886 (Tex. Crim. App. 2009) (quoting *Cohn v. State*, 849 S.W.2d 817, 819 (Tex. Crim. App. 1993)). In other words,

---

[1] There is some question whether the objections at trial would have informed the trial court that improper bolstering of a witness testimony was the basis of the objection. Nonetheless we will address the merits of the argument.

bolstering is the introduction of evidence that the witness is believable without that evidence being relevant to the proceeding. *Newland v. State*, 363 S.W.3d at 207. Thus, bolstering, generally, is prohibited. *Id.*

Hand's observations on whether the girls attempted to match their stories is not evidence that the girls are believable. It is only Hand's perception that she did not notice any attempt by the girls to tell the same story. Hand did not testify that the girls were telling the truth, nor did she testify that the girls told consistent statements. We do not find that Hand's perception of whether the girls attempted to make their stories consistent to be improper bolstering. The trial court did not abuse its discretion in allowing the testimony. We overrule the second issue.

PRIOR INVESTIGATION EVIDENCE

In the third, fourth, and fifth issues on appeal, Johnson argues that the trial court erred in allowing into evidence a prior sexual assault investigation against him. The trial court held a hearing outside the presence of the jury to determine the admissibility of statements made by Johnson during his interview with Detective Wesley Mackey of the Cleburne Police Department. Detective Mackey asked Johnson if he knew why he was asked to come to the police station. Johnson responded that he believed it was concerning sexual assault allegations made by a girl named Callie in 2015. Johnson argued at the hearing that the evidence was inadmissible because it was not relevant and because the probative value was greatly outweighed by the prejudicial effect. The trial court found the evidence was relevant, but excluded it under Rule 403 of the Texas Rules of Evidence.

The video of the interview was played before the jury, but the statement about the 2015 prior investigation was excluded.

Johnson made the decision to testify in his own defense. During cross-examination, Johnson testified that someone from Child Protective Services told him he should leave the house and to be expecting a call from a detective. Johnson said the person from CPS did not tell him about the allegations by N.S. and S.S. Johnson said that he later went to the interview with Detective Mackey. The State asked, "So when you show up at the police station, do you tell Detective Mackey that you think you're there to see something about [N.S.]?" Johnson responded, "Yes." The State then asked "You did. The first thing you told - -" Johnson's trial counsel objected to the question, and the trial court held a hearing outside the presence of the jury.

The trial court upheld its ruling that the evidence was inadmissible under Rule 403. After taking a break, the trial court then reconsidered the issue of the admissibility of the 2015 prior investigation. The trial court found that there had been a lot of discussion about a variety of complaints and that "at this point I'm not thinking that my earlier ruling on 403 still applies at this point that we are in the evidence that the jury has heard. So I'm going to withdraw that ruling. I'm going to allow it."

The State then asked Johnson if he told Detective Mackey he thought he was there because of an allegation made in 2015. Johnson further testified on cross-examination that he thought the allegation involved N.S. and that he did not tell Detective Mackey another girl's name. The State then played before the jury the videotape of the interview

where Johnson said he believed he was there because of a prior 2015 investigation involving a girl named Callie.

Johnson first argues that the trial court allowed the State, through its own misconduct, to open the door on cross-examination for the admission of the statement. Johnson contends that it was prosecutorial misconduct for the State to question Johnson on the prior investigation in violation of the trial court's ruling. Prosecutorial misconduct rises to a due-process violation when it is so significant that it deprives a defendant of a fair trial. *Clark v. State*, 365 S.W.3d 333, 338 (Tex. Crim. App. 2012).

To preserve error for appellate review, the Texas Rules of Appellate Procedure require that the record show that the objection "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). The point of error on appeal must comport with the objection made at trial. *Clark v. State*, 365 S.W.3d at 339. Therefore, if a party fails to properly object to constitutional errors at trial, these errors can be forfeited. *Id*. The trial court should know when it is being asked to make a constitutional ruling because constitutional error is subject to a much stricter harm analysis on appeal. *See* TEX. R. APP. P. 44.2(a), (b); *Clark v. State*, 365 S.W.3d at 340. The court needs to be presented with and have the chance to rule on the specific constitutional objection because it can have such heavy implications on appeal. *Id*. We do not find that the State's question rose to the level of raising or informing the trial court that Johnson was contending the State had engaged

in prosecutorial misconduct. Johnson did not preserve any complaint that he was denied due process as a result of prosecutorial misconduct. We overrule the third issue.

Johnson next argues that the trial court erred in reversing its previous ruling on the admissibility of the statement about the prior 2015 investigation. Although the Texas Rules of Evidence are intentionally slanted toward the inclusion of all relevant evidence, Rule 403 gives the trial court considerable discretion to exclude evidence when it appears to that individual judge, in the context of that particular trial, to be insufficiently probative when measured against the countervailing factors specified in the rule. *Winegarner v. State*, 235 S.W.3d 787, 791 (Tex. Crim. App. 2007); *Amspacher v. State*, 311 S.W.3d 564, 572 (Tex. App. — Waco 2009, no pet.).

In a Rule 403 analysis, a trial court must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006); *Amspacher v. State*, 311 S.W.3d at 572.

Johnson does not challenge the trial court's determination that the evidence is relevant. The trial court noted that the evidence was originally excluded under Rule 403 because of the concern for confusion of the jury, but that concern no longer existed

because considerable time had been spent on previous allegations. Rule 403 gives the trial court considerable latitude to assess the courtroom dynamics, to judge the tone and tenor of the witness's testimony and its impact upon the jury, and to conduct the necessary balancing. *Amspacher v. State*, 311 S.W.3d at 572. The trial court may revisit an evidentiary ruling any time prior to closing. *See Black v. State*, 362 S.W.3d 626, 633-635 (Tex. Crim. App. 2012). The record shows that the trial court initially conducted the necessary balancing and found the evidence to be inadmissible. The trial court then reassessed the ruling based upon subsequent testimony that had been presented to the jury without objection concerning previous allegations. We find that the trial court did not abuse its discretion in revisiting its prior ruling and allowing the testimony under Rule 403. We overrule the fourth issue.

Johnson finally argues that the trial court's reversal of its previous ruling under Rule 403 deprived him of his constitutional right to remain silent and his right to effective assistance of counsel. Johnson testified at trial that he would not have chosen to testify if he knew the trial court would allow the previously excluded portion of the video to be played to the jury, and that he would be subject to cross-examination regarding the statement. Johnson argues that he relied on the trial court's ruling in deciding his Constitutional right to remain silent and not testify.

Johnson testified and denied the allegations. Johnson testified that Jessica had the girls fabricate the allegations because she wanted Johnson to leave her house. The defense also presented testimony that N.S. and S.S. were not credible. Johnson was aware of the risks of taking the stand and that he would be subject to cross-examination. Because the

trial court may revisit evidentiary rulings, we cannot find that the trial court's decision to allow admission of the evidence of the prior investigation violated his right to remain silent and right to effective assistance of counsel. We overrule the fifth issue.

## CONCLUSION

We modify the certified bill of cost by striking the assessment of $1500.00 in attorney's fees. We affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Wright[2]
     Affirmed
Opinion delivered and filed August 25, 2021
Do not publish
[CRPM]



---

[2] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.