# Court of Appeals
## Tenth Appellate District of Texas

---

### 10-24-00043-CR

---

Robert Brian Hendrickson,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
440th District Court of Coryell County, Texas
Judge Grant Kinsey, presiding
Trial Court Cause No. 20-26445

---

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

### MEMORANDUM OPINION

A jury found Appellant, Robert Brian Hendrickson, guilty of the felony offense of indecency with a child sexual contact. The jury assessed his punishment at thirty years confinement. The trial court sentenced Hendrickson accordingly. This appeal ensued. We will affirm.

## A. Background Facts

In 2020, eleven-year-old I.H. made an outcry to her mother that her father molested her. During the investigation, I.H. disclosed that when she was nine years old, she and Hendrickson were sitting on the couch together watching television when Hendrickson moved his hand under I.H.'s waistband and undergarment and started a rubbing motion between her legs for a few minutes.

During trial, the State sponsored Rachel Hodgdon, a licensed professional counselor associate who had treated I.H., as an expert witness. Hendrickson challenged Hodgdon's qualifications under Rule 702. Following the hearing, Hendrickson argued that Hodgdon's testimony on the grounds would bolster another witness's testimony and that the diagnoses process was not reliable. The trial court allowed Hodgdon to testify as an expert. Hodgdon testified about the process for diagnosing I.H. with PTSD using a diagnostic tool called the Child and Adolescent Trauma Screen (CATS) and about the treatment goals following the diagnosis.

## B. Issue One

In his first issue, Hendrickson argues that the trial court erred in its duty as the gatekeeper in admitting unqualified expert testimony pursuant to Rule 702 of the Texas Rules of Evidence.

## 1. Preservation of Error

As a threshold issue, the State argues that Hendrickson has not properly preserved his complaint on appeal. Specifically, the State claims that while the complaint concerning Hodgdon's general qualifications under Rule 702 and the bolstering argument have been preserved, Hendrickson's argument on appeal, which challenges whether the administrative rules were complied with, was not properly preserved. We assume without deciding that Hendrickson properly preserved his complaint.

## 2. Authority

An expert's qualifications and the admissibility of expert testimony are subject to an abuse of discretion standard of review. *Lagrone v. State*, 942 S.W.2d 602, 616 (Tex. Crim. App. 1997). We will not disturb the ruling if it falls within the zone of reasonable disagreement. *Wolfe v. State*, 509 S.W.3d 325, 335 (Tex. Crim. App. 2017). A trial court abuses its discretion when it acts unreasonably or arbitrarily without reference to any guiding rules or principles. *State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016).

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue. TEX. R. EVID.

702. A trial judge makes three separate inquiries, which must all be met before admitting expert testimony: "(1) the witness qualifies as an expert by reason of his knowledge, skill, experience, training, or education; (2) the subject matter of the testimony is an appropriate one for expert testimony; and (3) admitting the expert testimony will actually assist the fact-finder in deciding the case." *Vela v. State*, 209 S.W.3d 128, 131 (Tex. Crim. App. 2006). These conditions are commonly referred to as (1) qualification, (2) reliability, and (3) relevance. *Id.*

3. Analysis

Hendrickson argues that "no testimony was heard by the trial court" concerning Hodgdon's appropriate training and experience to administer and interpret the tests as required by the administrative code. *See* 22 TEX. ADMIN. CODE § 681.43 ("a licensee must not administer any test without the appropriate training and experience to administer and interpret the test."). He acknowledges that Hodgdon did testify that once she had her license, she was allowed to diagnose, but he argues that "such a bare statement can hardly be allowed to demonstrate that Ms. Hodgdon met the administrative code requirements." However, Hodgdon also testified that she uses the CATS diagnostic tool with many of her patients, that she first learned about it in

graduate school, and that she had continuing training with the tool after graduate school, both in her current job and when getting her license.

Based on the foregoing evidence, the trial court could reasonably have determined that the State established that Hodgdon had experience and training in the area of administering and interpreting the CATS diagnostic tool. *See Beatley v. State*, No. 10-02-118-CR, 2003 WL 21780952, at *3 (Tex. App.—Waco July 30, 2003, pet. ref'd). Therefore, we cannot say that the trial court abused its discretion in allowing Hodgdon to testify as an expert.

We overrule Hendrickson's first issue.

### C. Issue Two

In his second issue, Hendrickson argues the unqualified expert testimony unlawfully bolstered I.H.'s guilt phase testimony.

The Texas Court of Criminal Appeals has expressed skepticism as to whether "bolstering" remains viable as an independent ground of objection. *See Rivas v. State*, 275 S.W.3d 880, 886 (Tex. Crim. App. 2009). Specifically, the Court of Criminal Appeals acknowledged that "a fundamental problem with an objection to 'bolstering' is its inherent ambiguity." *Id.* "Bolstering" could refer to several evidentiary rules. *See id.* Because of the multifarious origins of "bolstering," courts have found concern with it as an objection on its face. *Id.* In *Rivas*, the Court of Criminal Appeals concluded that Rivas had

made more specific objections other than a general "bolstering" objection and "thus had preserved error *with respect to those specific objections.*" *See id* (emphasis added).

Error is preserved if a complaint is made to the trial court by a timely request, objection, or motion that states the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. TEX. R. APP. P. 33.1(a)(1)(A). Additionally, a party's "point of error on appeal must comport with the objection made at trial." *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).

At trial, Hendrickson objected that "it's pretty clear that based on the notes and the information gathered in the therapy sessions it's going to help to obviously bolster [I.H.], but [I.H.] is available to testify." He later objected that "it is obvious…that we are just going to bolster the testimony of the witness who is available." As best we can, we construe Hendrickson's general "bolstering" objection with the specific language that "[I.H.] is available to testify" as a Rule 804 objection regarding exceptions to the rule against hearsay when the declarant is unavailable as a witness.

On appeal, Hendrickson makes three main arguments to support his claim of "bolstering." First, he claims that the sole purpose of the evidence is

to convince the fact finder that a particular witness or source of evidence is worthy of credit. This language relates to the definition of bolstering set forth in *Cohn* and encompasses Rule 613(c). *See Cohn v. State*, 849 S.W.2d 817, 819–21 (Tex. Crim. App. 1993); *see also Rivas*, 275 S.W.3d at 886 (Tex. Crim. App. 2009) (Rule 613(c) seems to be covered under the "bolstering" objection "to the extent it prevents the use of prior consistent statements of a witness for the sole purpose of enhancing his credibility."). Second, Hendrickson argues that the credibility of the witness or source has not been attacked. This language comports with a Rule 608(a) objection. *See id.* (Rule 608(a), which allows opinion or reputation evidence as to the character of a party's own witness for truthfulness, but only after the witness's character for truthfulness has already been attacked by the opposing party). Finally, Hendrickson argues the testimony does not make the existence of a consequential fact more or less probable than it would be without the testimony. This language tracks with relevance as defined in Rule 401. *See* TEX. R. EVID. 401.

Insofar as "bolstering" remains a viable, independent ground of objection, Hendrickson's appellate arguments do not comport with the objection made at trial. *See Wilson*, 71 S.W, 3d at 349; *See also Rivas*, 275 S.W.3d at 886. Therefore, his arguments were not properly preserved for appeal.

We overrule Hendrickson's second issue.

## D. Conclusion

Having overruled both Hendrickson's issues, we affirm the trial court's judgment.

_____
MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED:  March 26, 2026

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
Do Not Publish
CRPM

