

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00467-CR

Martiriano Estrada **GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Wilson County, Texas
Trial Court No. CRW2009249
Honorable Jennifer Dillingham, Judge Presiding

Opinion by:     Beth Watkins, Justice

Sitting:         Rebeca C. Martinez, Chief Justice
                 Patricia O. Alvarez, Justice
                 Beth Watkins, Justice

Delivered and Filed: June 5, 2024

AFFIRMED

Appellant Martiriano Estrada Garcia appeals his aggravated sexual assault of a child conviction, raising complaints about the trial court's admission of outcry and expert testimony. We affirm.

## BACKGROUND

In December 2019, then nine-year-old M.M. lived with her younger brother, her father, Martin Martinez, and her grandfather, Garcia, in Garcia's one-bedroom house. The family shared Garcia's cell phone, which was not password-protected. Martinez arrived home and found M.M.

and Garcia in the garage, looking at the phone. He asked for the phone to check Facebook. Martinez found "YouTube sex" in the phone's browser history. Martinez confronted Garcia and M.M. about the browser history. Garcia said nothing; M.M said Garcia had showed her videos of sex on YouTube and "had been touching her." Martinez contacted the police.

Deputy Manuel Perez responded to the call. M.M. was upset, crying, and scared. Martinez was upset and angry. Garcia, in contrast, was "very blasé." Perez told Martinez he and the children would have to leave the property. The children stayed with their mother; Martinez went to a friend's home, and he took the phone with him. Perez referred the case to Detective Gary Laughlin.

Laughlin arranged an interview and Sexual Assault Nurse Examiner (SANE) exam for M.M. Laughlin collected the phone from Martinez. Garcia told Laughlin he "didn't do any of those things" M.M. alleged and gave Laughlin consent to search the phone.

SANE exam lab results did not find semen, blood, or any of Garcia's DNA on M.M.'s body. And the SANE examiner, Edward Russell, did not find physical signs of abuse—he found no injuries on M.M. and all her tests for sexually transmitted diseases were negative. He did find red bumps M.M. had reported, but he attributed those to "skin irritation from personal hygiene." Russell recorded her medical history, including M.M.'s statement that Garcia came to her bed and forced sex with her. She reported that Garcia also photographed her "cookie"—the word she used to describe her sex organ—with the phone and deleted the photograph. Michael Allen, of the Bexar County Sheriff's Office, performed a forensic search of the phone, and he found the deleted image. Laughlin sought, obtained, and executed an arrest warrant. The State charged Garcia with one count of aggravated sexual assault of a child.

At trial, and over Garcia's objections, Martinez testified about M.M.'s outcry of abuse and Dr. James Lukefahr testified as an expert about common characteristics among children who have

been sexually abused. The jury convicted Garcia and assessed punishment at 50 years in prison, and the court imposed sentence consistent with the jury's verdict. Garcia appeals.

## ANALYSIS

### *Outcry Testimony*

Garcia first argues the trial court abused its discretion in allowing Martinez to testify as an outcry witness because M.M.'s statement that "her grandfather would touch her" lacked the requisite specificity and reliability required under the outcry statute.

### *Applicable Law and Standard of Review*

Under article 38.072 of the Texas Code of Criminal Procedure, some hearsay statements are admissible in prosecuting certain offenses, including aggravated sexual assault of a child. *Martinez v. State*, 178 S.W.3d 806, 811 (Tex. Crim. App. 2005); TEX. CODE CRIM. PROC. ANN. art. 38.072 § 1. The statute applies to statements that: (1) describe the alleged offense; (2) were made by the child against whom the charged offense was allegedly committed; and (3) were made to the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense. TEX. CODE CRIM. PROC. art. 38.072 § 2(a). "The statement must be 'more than words which give a general allusion that something in the area of child abuse is going on'; it must be made in some discernable manner and is event-specific rather than person-specific." *Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011) (quoting *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990)). The specificity requirement is met when the child sufficiently describes the "how, when, and where" of the abuse. *Reyes v. State*, 274 S.W.3d 724, 727 (Tex. App.—San Antonio 2008, pet. ref'd).

A statement that meets the section 2(a) requirements "is not inadmissible because of the hearsay rule if" (1) the offering party gives timely notice; (2) the trial court finds, in a hearing outside the presence of the jury, the statement is reliable based on time, content, and circumstances;

and (3) the child testifies or is available to testify. TEX. CODE CRIM. PROC. art. 38.072 § 2(b); *Sanchez v. State*, 354 S.W.3d 476, 484–85 (Tex. Crim. App. 2011). An appellate court reviews a trial court's admission of outcry testimony under article 38.072 for an abuse of discretion. *Garcia*, 792 S.W.2d at 92.

*Application*

At a hearing outside the presence of the jury, Garcia argued M.M.'s statement that Garcia "had been touching her" did not qualify as an admissible outcry statement. Rather, he argued, "it's a general allusion" and "there's no alleged aggravated sexual assault of a child described by that statement." Garcia argued alternatively that it "lacks any reliability" because M.M. had a motive to fabricate that Garcia had been showing her videos and touching her because "she got caught watching pornographic materials." The trial court found the statement reliable and admissible.

We agree with Garcia that the outcry did not describe the alleged offense; the statement did no more than generally allude that child abuse was going on. *See Rosales v. State*, 548 S.W.3d 796, 807 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd) (child's aunt not proper outcry witness in super-aggravated sexual assault of a child prosecution; child told aunt defendant had "touched her the wrong way," and this was "no more than a general allusion that abuse had occurred"); *Bargas v. State*, 252 S.W.3d 876, 885, 894 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (child's grandmother not proper outcry witness in aggravated sexual assault prosecution because child did not describe alleged offense to grandmother). The trial court thus abused its discretion in admitting that evidence. *Garcia*, 792 S.W.2d at 92.

We must determine whether this error was harmful. The improper admission of hearsay under article 38.072 is non-constitutional error, requiring reversal only if it affects Garcia's "substantial rights"; we will consider it harmless if the child "testifies in court to the same or similar statements that were improperly admitted or other evidence setting forth the same facts is

admitted without objection." *Gibson v. State*, 595 S.W.3d 321, 327 (Tex. App.—Austin 2020, no pet.) (citing TEX. R. APP. P. 44.2(b)); *Allen v. State*, 436 S.W.3d 815, 822 (Tex. App.—Texarkana 2014, pet. ref'd).

By the time of trial, M.M. was twelve years old, and she testified in detail about the outcry and abuse. She said she made the outcry because Martinez "was getting mad at me for watching videos." She stated Martinez started to punish her in a time out, "until I told him what had happened." She told Martinez "about the thing that Grandpa was doing to [her]." M.M. testified that Garcia came to her bed and woke her up by taking her clothes off and, "He started doing it with me." "He was having sex with me." He put his "thing" inside her "private" a "[v]ery little." She tried "pulling away, but he wouldn't let [her]." It hurt, and, "[w]hite, sticky stuff" came out. He told her to never tell anyone. After, he went back to his room, and she "just started crying and fell asleep." She said Martinez was working at the time, and her brother was "asleep in his bed."

Sexual Assault Nurse Examiner Edward Russell interviewed M.M. about her medical history. He read aloud his questions and her answers. M.M. told Russell that when Martinez was out of the house, Garcia would "mess with" her, put his "thing" in her "cookie," but only "[a] little. Not much." It did not bleed, but it hurt, and "[s]ticky, watery stuff" came out. When asked where the "stuff" went, she responded "in there" and pointed to her genital area.

Because M.M. testified in court to the same or similar statements that were improperly admitted, and because evidence that Garcia touched M.M. was admitted without objection at other points during the trial, we conclude that error in admitting Martinez's outcry testimony did not affect Garcia's substantial rights and was harmless. TEX. R. APP. P. 44.2(b); *Gibson*, 595 S.W.3d at 327; *Allen*, 436 S.W.3d at 822.

We overrule Garcia's first issue.

### *Expert Testimony*

Next, Garcia argues the trial court abused its discretion in overruling his Rule 403 objection and allowing Dr. Lukefahr to testify about M.M.'s test results because Russell had already testified about M.M.'s test results. According to Garcia, Lukefahr's testimony therefore could only unfairly give credibility to M.M.'s testimony.

### *Applicable Law and Standard of Review*

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403. "Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial." *Gallo v. State*, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007). "When an objection on 403 grounds is raised at trial, we review the judge's ruling for an abuse of discretion." *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005). "The test for whether the trial court abused its discretion is whether the action was arbitrary or unreasonable." *Id*. "An appellate court should not reverse a trial judge whose ruling was within the zone of reasonable disagreement." *Id*. at 440.

### *Application*

Initially, we address the State's contention that Garcia's trial court objection—that the evidence would be "extremely prejudicial"—failed to preserve any error on Rule 403 grounds for appeal. We disagree. Garcia's statement that the evidence would be "extremely prejudicial" was just part of the objection. *See Rivas v. State*, 275 S.W.3d 880, 887 (Tex. Crim. App. 2009) (reviewing entire objection to find specific evidentiary complaints preserved; "Reference to a Rule may save an objection that might otherwise be obscure, but an objection is not defective merely because it does not identify a Rule of Evidence."). Garcia argued Lukefahr's proposed testimony

about his review of M.M.'s file would be "repetitive testimony," "re-explain[ing] the findings on the medical record" Russell "just talked about," and "extremely prejudicial." "It's only here for the purpose of giving credibility to the young girl, and it does not assist the trier of fact in anything whatsoever." Garcia made a sufficiently specific objection in the trial court that the probative value of the evidence was substantially outweighed by some of the dangers listed in Rule 403: "unfair prejudice" and "needlessly presenting cumulative evidence." TEX. R. EVID. 403. And the trial court overruled the objection. Garcia thus preserved the issue for appellate review. TEX. R. APP. P. 33.1(a); *Rivas*, 275 S.W.3d at 887.

Turning to the merits, we note that at the time the trial court ruled, the State represented that Lukefahr would also testify more generally about "the dynamics and the studies and the commonalities of sexual assaults and particularly sexual assaults on children." Garcia acknowledged Lukefahr's competence as an expert. And expert testimony that a child exhibits behavioral characteristics common among children who have been sexually abused is relevant and admissible as substantive evidence under Rule 702, unless its probative value is outweighed by the danger of prejudice under Rule 403. *Yount v. State*, 872 S.W.2d 706, 708–09 (Tex. Crim. App. 1993); *Moreno v. State*, 619 S.W.3d 754, 761–62 (Tex. App.—San Antonio 2020, no pet.); *Reynolds v. State*, 227 S.W.3d 355, 371–72 (Tex. App.—Texarkana 2007, no pet.) (collecting cases). Conversely, "expert testimony which decides an ultimate fact for the jury, such as a direct opinion on the truthfulness of the child, crosses the line and is not admissible under Rule 702." *Yount*, 872 S.W.2d at 708 (internal quotation marks and emphasis omitted).

Lukefahr's testimony did not cross the line. Lukefahr testified generally about delayed outcries, grooming, and the difficulty younger children experience in "quantify[ing] the passage of time[.]" One part of his testimony did repeat Russell's testimony. As discussed above, Russell conducted M.M.'s SANE exam, and he testified he found no injuries or tears on M.M. and all her

tests for STDs were negative. He also explained that injury is "very uncommon," even in cases of penetration of young children because "stretchability is present there at -- at birth." Lukefahr testified that "actual vaginal penetration in young children is less common than penetration of those more external structures" and "[i]n the large majority of cases, the -- when we -- for a variety of reasons, when we examine children for sexual abuse, the structures are actually normal and there's no finding of -- that would be completely consistent with damage from penetration." But Rule 403 is generally not a basis for exclusion of this type of expert testimony, even if it incrementally corroborates a child's own testimony about abuse. *Cohn v. State*, 849 S.W.2d 817, 820 (Tex. Crim. App. 1993). No rule of evidence "mandates exclusion of relevant evidence simply because it corroborates testimony of an earlier witness." *Id*. at 820–21. And "[a]n expert's testimony based on specialized knowledge, relevant data, and that does not directly comment on credibility is unlikely to meet the threshold of undue prejudice, even if it may corroborate the [child's] testimony and weigh against the defendant." *Luna v. State*, 687 S.W.3d 79, 100 (Tex. App.—Eastland Mar. 21, 2024, pet. filed). Given the general admissibility of this type of expert testimony and the fact that Rule 403 favors the admission of relevant evidence, we hold the trial court did not abuse its discretion in allowing Lukefahr's testimony. *Id*.; *Yount*, 872 S.W.2d at 709; *Gallo*, 239 S.W.3d at 762; *Mechler*, 153 S.W.3d at 439–40.

We therefore overrule Garcia's second issue.

## CONCLUSION

Having overruled Garcia's two issues on appeal, we affirm the judgment of the trial court.

Beth Watkins, Justice

DO NOT PUBLISH